O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2373 AHM (RZx) | Date | September 30, 2009 |
|---|---|---|---|
| Title | *Asciano Carimati di Carimate v. Ginsglobal Index Funds.* | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | Not Reported | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |

Attorneys **NOT** Present for Plaintiffs:       Attorneys **NOT** Present for Defendants:

**Proceedings:**    IN CHAMBERS (No Proceedings Held)

## I.    INTRODUCTION

On April 6, 2009 Plaintiff Asciano Carimati di Carimate ("Plaintiff") brought suit in this Court against Defendants Ginsglobal Index Funds ("Ginsglobal) and its Managing Director Anthony Ginsberg ("Ginsberg"), alleging only state law claims. On May 12, 2009, Plaintiff filed a First Amended Complaint ("FAC").

On July 2, 2009 Defendants brought a motion to dismiss the FAC and the eight causes of action stated therein on the grounds that the each failed to state a claim upon which relief can be granted ("Motion to Dismiss"). Fed. R. Civ. P 12(b)(6). On July 13, 2009 Plaintiff filed his opposition to Defendants' motion to dismiss, requesting that this Court deny Defendants' motion to dismiss, or alternatively, to grant Plaintiff leave to amend ("Opposition"). On July 20, 2009, Defendants filed a reply to Plaintiff's opposition, requesting that this Court dismiss Plaintiff's eight causes of action without leave to amend.

For the foregoing reasons, I DENY Defendants' motion to dismiss Plaintiff's

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2373 AHM (RZx) | Date | September 30, 2009 |
|---|---|---|---|
| Title | *Asciano Carimati di Carimate v. Ginsglobal Index Funds.* | | |

breach of contract, breach of fiduciary duty, fraud, negligent misrepresentation and unjust enrichment causes of action and GRANT Defendants' motion to dismiss Plaintiff's breach of implied covenant of good faith and fair dealing, constructive trust, and accounting causes of action, all with leave to amend.

## II.     FACTUAL BACKGROUND

Plaintiff alleges that he is an experienced investment professional who has worked for over twelve years in the financial investments field.  (FAC ¶ 8.) Plaintiff alleges that Defendant GinsGlobal specializes in indexed financial products.[1]  (FAC ¶ 9.)  Plaintiff alleges that Defendant GinsGlobal developed the Hindsight Index Product ("Hindsight Product") approximately five years ago, and that although it had successfully marketed that product domestically, it had not focused on marketing and licensing that product in Europe.  (FAC ¶ 10, 12.) Plaintiff alleges that in February 2007, Defendant Ginsberg introduced him to the Hindsight Product and asked if he could help Defendant GinsGlobal market the Hindsight Product in Europe.  (FAC ¶ 13.)  Plaintiff alleges that in July 2007, he proposed to Defendant Ginsberg that they form a joint venture dedicated to the international distribution of Hindsight Products and that they orally agreed to form the joint venture.  (FAC ¶ 14.)  At that time, Plaintiff alleges that the terms of the joint venture to which he and Defendant Ginsberg orally agreed provided that Plaintiff would pay for expenses he incurred in marketing and promoting Hindsight Products until the joint venture generated sufficient revenues to reimburse him for those costs.  (FAC ¶ 14.)  Plaintiff alleges that based on this oral agreement, he begain to introduce the Hindsight Product to his contacts in Europe.  (FAC ¶ 15.) Plaintiff alleges that in the Fall of 2007, he proposed to Defendant Ginsberg that

---

[1]According to the FAC, indexing is an investment strategy that spreads an investor's money over the entire market.  (FAC ¶ 9.)

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2373 AHM (RZx) | Date | September 30, 2009 |
|---|---|---|---|
| Title | *Asciano Carimati di Carimate v. Ginsglobal Index Funds.* | | |

they create a "Board of Advisors" comprised of high-level business persons who could "open doors for the joint venture." (FAC ¶ 16.) Plaintiff alleges that he approached John McCloy ("McCloy"), whom he knew to have a number of contacts in Germany, about being on the Board of Advisors and that as a result, McCloy facilitated introductions between Plaintiff and McCloy's German contacts. (FAC ¶ 17, 18.)

### A. Plaintiff's Allegation that He Entered into a Memorandum of Understanding with Defendants GinsGlobal and Ginsberg

Plaintiff alleges that on January 9, 2008 he and Defendant Ginsberg executed the Memorandum of Understanding ("MOU") between Defendant GinsGlobal and Plaintiff. (FAC ¶ 20.) Plaintiff alleges that Defendant Ginsberg expressly stated that he was authorized to enter the MOU on behalf of Defendant GinsGlobal. (FAC ¶ 20.) The MOU provides, in relevant part, that: 1) Plaintiff and Defendant GinsGlobal are parties to a "joint venture" in marketing the Hindsight Product within Europe; 2) Plaintiff and Defendant GinsGlobal "shall enter into an equal fee sharing arrangement"; 3) Plaintiff and Defendant GinsGlobal agree to an exclusivity arrangement for a period of five years; and 4) Plaintiff and Defendant GinsGlobal agree that the MOU shall be binding upon them upon their signatures. FAC Ex. 1. Both Plaintiff and Defendant Ginsberg signed the MOU. (FAC Ex. 1.)

### B. Plaintiff's Allegation that He and Defendant Ginsberg Modified the Terms of the MOU

Plaintiff alleges that after he and Defendant Ginsberg signed the MOU, Plaintiff actively marketed the Hindsight Product, attracting potential customers in areas beyond the European regions contemplated in the MOU. (FAC ¶ 22.)

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2373 AHM (RZx) | Date | September 30, 2009 |
|---|---|---|---|
| Title | *Asciano Carimati di Carimate v. Ginsglobal Index Funds.* | | |

Accordingly, Plaintiff alleges that through a series of emails he exchanged with Defendant Ginsberg in February 2008 (the "February emails"), he and Defendant GinsGlobal agreed to the following: 1) to expand the geographic scope of their joint venture to include all world-wide sales of Hindsight Products; 2) to respect the payment terms of the MOU for any business generated by Plaintiff regardless of geographic location; and 3) that going forward, all Hindsight Product business conducted by either Plaintiff or Defendants would be conducted through their joint venture company. (FAC ¶¶ 21-27, Exs. 2-4.) Plaintiff alleges that he and Defendant Ginsberg discussed drafting a new written agreement to reflect the terms agreed to in the MOU. (FAC ¶ 28.) Plaintiff alleges that, pursuant to the terms of the MOU and February emails, he began incorporating Hindsight Investment Group SA ("HIG") to conduct all Hindsight business. (FAC ¶ 29.) Plaintiff alleges that, pursuant to the terms of the MOU and February emails, while Plaintiff would own 50% of the shares of HIG, he would not participate in the earnings attributable exclusively to Defendants' earlier efforts. (FAC ¶ 29, Exs. 3-4.)

### C. Plaintiff's Allegations that He and Defendant Ginsberg Had a Successful Meeting with a Prospective Client in March 2008 Meeting and McCloy's Involvement with HIG

Plaintiff alleges that in March 2008, he made a capital investment of 100,000 Swiss Francs to establish a new company[2] and that Defendant GinsGlobal was supposed to reimburse him for this cost but never did. (FAC ¶ 30.) Plaintiff alleges that in March 2008, after he and Defendant Ginsberg met with contacts in Italy and Germany, Defendant Ginsberg expressed great pleasure with Plaintiff's performance. (FAC ¶ 35, Ex. 5.) After these meetings, Plaintiff alleges that he and Defendant Ginsberg met with McCloy to discuss McCloy's compensation as a

---

[2]Plaintiff alleges that this investment is required by Swiss law. FAC ¶ 30.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2373 AHM (RZx) | Date | September 30, 2009 |
|---|---|---|---|
| Title | *Asciano Carimati di Carimate v. Ginsglobal Index Funds.* | | |

member of HIG's Board of Advisors.  (FAC ¶ 36.)  Plaintiff alleges that, at this meeting, McCloy became dissatisfied with his fee and was "jealous" of Plaintiff's joint venture agreement with GinsGlobal.  (FAC ¶ 37.)  Accordingly, Plaintiff alleges that McCloy sent a disparaging email to Defendant Ginsberg regarding Plaintiff's performance as a Hindsight representative in order to replace Plaintiff and therefore earn greater fees for himself.  (FAC ¶¶ 37-42, Ex. 6.)  Plaintiff alleges that Defendant Ginsberg reassured Plaintiff that he did not share McCloy's concerns and that they would not affect Plaintiff's relationship with Defendants.  (FAC ¶ 42, Ex. 6.)

### D.     Plaintiff's Allegations that Defendant GinsGlobal Attempted to Renegotiate its Agreement with Him

Plaintiff alleges that in May 2008, Defendant Ginsberg forwarded two draft agreements to him.  (FAC ¶¶ 43, 45, Exs. 7, 9.)  Plaintiff alleges that both agreements differed dramatically and materially from the MOU and the agreement Plaintiff and Defendant Ginsberg had reached in the February emails.  *Id.*  Namely, Plaintiff alleges that the draft agreements required him to give up his rights in the United Kingdom market, failed to reflect his rights in the United States and other world-wide locations, reduced his exclusivity from five years to three years, renounced the existence of the joint venture and did not commit to passing all global Hindsight Product business through HIG.  *Id.*  Plaintiff alleges that in a May 22, 2008 email, Defendant Ginsberg "blamed" the new terms on Defendants GinsGlobal's lawyers and that, despite his past representations to the contrary, claimed he did not have the authority to grant Plaintiff a 50% share in all global revenue.  (FAC ¶ 44.)  Plaintiff did not agree to the terms of these proposed drafts.  (FAC ¶¶ 46, 47.)  Plaintiff alleges that on May 29, 2008, Defendant Ginsberg wrote to him, terminating the joint venture between him and Defendant GinsGlobal.  (FAC ¶ 48, Ex. 12.)  Later that day, Plaintiff alleges**,** McCloy wrote to

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2373 AHM (RZx) | Date | September 30, 2009 |
|---|---|---|---|
| Title | *Asciano Carimati di Carimate v. Ginsglobal Index Funds.* | | |

him confirming that Defendant Ginsberg had asked McCloy to remain involved with HIG.  (FAC ¶ 49, Ex. 13.)

### E.    Plaintiff's Causes of Action

Plaintiff alleges that the MOU is an enforceable agreement and that the February emails constitute an agreement that Defendant GinsGlobal would respect the payment terms of the MOU.  (FAC ¶ 53 and 54.)  In his first cause of action, Plaintiff alleges that Defendant GinsGlobal breached the MOU and the parties' February agreement by terminating the joint venture without cause and by not respecting the payment terms reached by the MOU and February emails.  (FAC ¶ 55.)  In his second cause of action, Plaintiff alleges that Defendant GinsGlobal breached the implied covenant of good faith and fair dealing by by terminating the joint venture without cause and by not respecting the payment terms reached by the MOU and February emails.  (FAC ¶ 60.)  In his third cause of action, Plaintiff alleges that, because they were parties to a joint venture, Defendant GinsGlobal owed him a fiduciary duty which it breached by failing to respect the terms agreed to in the MOU and February emails and by allowing McCloy to undermine Plaintiff's position as a joint venturer.  (FAC ¶ ¶ 63, 64 and 66.)  In his fourth cause of action, Plaintiff alleges that Defendants GinsGlobal and Ginsberg have wrongfully retained possession of the revenues of all Hindsight Product related business despite the joint venture agreement reached in the MOU and February emails and by such act have become involuntary trustees of a constructive trust in favor of him.  (FAC ¶ 70.)  In his fifth cause of action, Plaintiff alleges that Defendants GinsGlobal and Ginsberg fraudulently induced him to enter into the joint venture agreement, concealing their true plans which were to exploit Plaintiff's contacts and later terminate that agreement with him.  (FAC ¶ ¶ 74, 75.)  In his sixth cause of action for negligent misrepresentation, Plaintiff alleges that Defendants knowingly concealed their true plans with the intention to defraud him.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2373 AHM (RZx) | Date | September 30, 2009 |
|---|---|---|---|
| Title | *Asciano Carimati di Carimate v. Ginsglobal Index Funds.* | | |

(FAC ¶ 75.)  In his seventh cause of action, Plaintiff alleges that Defendants GinsGlobal and Ginsberg were unjustly enriched by efforts he made pursuant to the MOU, and thus he is entitled to damages.  (FAC ¶ 92, 93.)  In his eighth cause of action, Plaintiff alleges that, pursuant to the terms of the MOU and February emails, he acquired an interest in the revenues derived from the sale of Hindsight Products and therefore, that Defendants GinsGlobal and Ginsberg have retained all revenues and that Plaintiff is entitled to an accounting.  (FAC ¶ ¶ 97-98.)

### III.  LEGAL STANDARDS GOVERNING RULE 12(b)(6) MOTIONS

On a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim, the allegations of the complaint must be accepted as true and are to be construed in the light most favorable to the nonmoving party.  *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998).  A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in the complaint.  Thus, if the complaint states a claim under any legal theory, even if the plaintiff erroneously relies on a different legal theory, the complaint should not be dismissed.  *Haddock v. Bd. of Dental Examiners*, 777 F.2d 462, 464 (9th Cir. 1985).

Federal Rule of Civil Procedure 8(a)(2) requires

> only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" . . .  While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . ., a plaintiff's obligation to provide the "grounds" of his "entitle[ment]

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2373 AHM (RZx) | Date | September 30, 2009 |
|---|---|---|---|
| Title | *Asciano Carimati di Carimate v. Ginsglobal Index Funds.* | | |

>  to relief" requires more than labels and conclusions, and
>  a formulaic recitation of the elements of a cause of action
>  will not do . . . .  Factual allegations must be enough to
>  raise a right to relief above the speculative level . . . .

*Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted).

"Two working principles underlie . . . *Twombly*." *Ashcroft v. Iqbal* __ U.S. __, 129 S. Ct. 1937, 1949 (2009).  "First, the tenet that a court must accept as true all allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice . . .  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss."  *Id.* at 1949-50.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully."  *Id.* at 1949. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 1950.

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. . . .  However, material which is properly submitted as part of the complaint may be considered" on a motion to dismiss.  *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted).  Documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2373 AHM (RZx) | Date | September 30, 2009 |
|---|---|---|---|
| Title | *Asciano Carimati di Carimate v. Ginsglobal Index Funds.* | | |

physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss without converting the motion to dismiss into a motion for summary judgment. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001). If the documents are not physically attached to the complaint, they may be considered if their "authenticity . . . is not contested" and "the plaintiff's complaint necessarily relies" on them. *Parrino v. FHP, Inc.*, 146 F.3d 699, 705-06 (9th Cir. 1998). Furthermore, under Fed. R. Evid. 201, a court may take judicial notice of "matters of public record." *Mack v. South Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir. 1986), *abrogated on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991). "The district court will not accept as true pleading allegations that are contradicted by facts that can be judicially noticed or by other allegations or exhibits attached to or incorporated in the pleading." 5C Wright & Miller, *Fed. Prac. & Pro.* § 1363 (3d ed. 2004).

Where a motion to dismiss is granted, a district court should provide leave to amend unless it is clear that the complaint could not be saved by any amendment. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (citation omitted). Federal Rule of Civil Procedure 15(a) advises that the "court should freely give leave [to amend the complaint before trial] when justice so requires." "This policy is to be applied with extreme liberality" to comply with the underlying purpose of facilitating decisions on the merits. *Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1051 (9th Cir. 2003 (per curiam) (internal citations omitted).

### IV. DISCUSSION

#### A. **Breach of Contract (First Cause of Action)**

Defendants contend that this Court should grant their motion to dismiss

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2373 AHM (RZx) | Date | September 30, 2009 |
|---|---|---|---|
| Title | *Asciano Carimati di Carimate v. Ginsglobal Index Funds.* | | |

Plaintiff's breach of contract claim because, given that contract interpretation is a matter of law, *United States v. King Features Entm't, Inc.,* 843 F.2d 394, 398 (9th Cir. 1988), based solely on the MOU and February emails, this Court should conclude that Plaintiff has failed to prove that a contract was formed.  In *United Steel, Paper & Forestry, Rubber Mfg., Allied Industrial & Services Workers Intern. Union v. ConocoPhillips Co.,* No. CV 08-2068 PSG (FFMx) 2009 WL 1610074 at *1 (C.D. Cal. May 5, 2009), the court granted a motion to dismiss a breach of contract action for failure to state a claim because it found, as a matter of law, that the terms of a collective bargaining agreement on which Defendants had sued were explicit and created no enforceable agreement.[3]  *Id.* at *4 ("No language in the [agreement] suggests that it creates rights enforceable by the Defendant against [the Plaintiff].").  This case is vastly different.  As will be discussed, *infra*, the terms of the MOU as modified by the February emails could create an enforceable agreement, although they will require factual interpretation.

     Defendants contend that because the February emails fail to satisfy Delaware's Statute of Frauds, Plaintiff's breach of contract action is barred.[4]  Delaware's Statute of Frauds, 6 Del. C. §2714(a), requires that agreements "not to be performed within the space of one year...be reduced to writing, or some memorandum, or notes thereof, are signed by the party to be charged therewith, or some other person thereunto by the party lawfully authorized in writing."  In determining the validity of contracts, Delaware applies an "objective man test."  *Leeds v. First Allied Connecticut Corp.,* 521 A.2d 1095, 1101-1102 (Del. Ch.

---

[3]In *United Steel*, the Court granted Plaintiff's motion to dismiss Defendant's counterclaims.

[4]The MOU states that it shall be "construed, governed and interpreted" in accordance with Delaware law. Ex. 1 ¶8.  The parties do not dispute that this Court should apply Delaware law.  (Opposition at 2.)

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2373 AHM (RZx) | Date | September 30, 2009 |
|---|---|---|---|
| Title | *Asciano Carimati di Carimate v. Ginsglobal Index Funds.* | | |

1986) ("Whether a reasonable man would, based upon the 'objective manifestation of assent' and all of the surrounding circumstances, conclude that the parties intended to be bound by the contract."). Defendants do not dispute that the MOU is an enforceable agreement and do not contend that it fails to comply with the Statute of Frauds.[5]

Defendants do argue that the February emails fail to satisfy the Statute of Frauds because they do not confirm a definitive agreement, but merely "reflect an exchange of preliminary information and invitation to further discussion." (Motion to Dismiss at 13.) Plaintiff argues that the February emails contain the identifying factors and material terms necessary to satisfy the Statute of Frauds. Delaware caselaw appears silent on the issue. In their motion, Defendants rely on *Oracle Corp. v. Falotti,* 187 F. Supp. 2d 1184 (N.D. Cal. 2001), where, under California law, the court determined that an email failed to satisfy the Statute of Frauds because it was silent as to how long the Plaintiff was to be employed by Defendant, a term material to Plaintiff's breach of contract claim. *Oracle,* 187 F.Supp.2d. at 1205. Defendants also rely on *Hugh Symons Group, plc. V. Motorola Inc.,* 292 F.3d 466 (5th Cir. 2002), where the Court held that the email failed to satisfy Texas's Statute of Frauds because it pertained to information "being exchanged between parties, one of whom is developing a product not yet in production" and because "there [was] no language expressing or contemplating a final agreement." *Hugh Symons,* 292 F.3d 466, 470.

Here, in response to Plaintiff's February 18, 2008 email confirming Plaintiff's understanding on passing worldwide sales through HIG, Defendant Ginsberg responded, "Yes I agree with your comments re splitting all future

---

[5]Plaintiff correctly points out that there is nothing in the MOU to suggest that it was a completely integrated agreement or that it barred subsequent future agreements.

O

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2373 AHM (RZx) | Date | September 30, 2009 |
|---|---|---|---|
| Title | *Asciano Carimati di Carimate v. Ginsglobal Index Funds.* | | |

initiatives using Hindsight Investment entity–no problem." (FAC Ex. 4.) The email signatures clearly identify the parties.[6] Unlike in *Oracle* or *Hugh Symons*, Defendant Ginsberg's email that he "agreed" with Plaintiff's comments regarding "splitting all future initiatives" appears to indicate both language expressing a final agreement so as to satisfy the Statute of Frauds, and mutual assent that would lead an objectively reasonable person to conclude that the parties intended to be bound by those terms. Furthermore, shortly after the February emails were exchanged, Defendant Ginsberg allegedly sent Plaintiff an encouraging email indicating he was pleased with the work Plaintiff had been doing pursuant to their new agreement, also indicating mutual assent to the terms proposed by the February emails in conjunction with the MOU. (FAC Ex. 5.) In *Lamle v. Mattel, Inc.,* 394 F.3d 1355 (Fed. Cir. 2005), the Court made clear that "if a court...can plainly determine from the memorandum the identity of the parties to the contract, the nature of its subject matter and its essential terms, the memorandum will be held to be adequate [with respect to the Statute of Frauds]." *Lamle,* 394 F.3d at 1361 (applying California law).

Moreover**,** the equal sharing agreement embodied in the MOU and February emails contain**s** the elements essential to create an enforceable contract. Delaware courts will not enforce an agreement that is indefinite as to a material or essential term. *Hindes v. Wilmington Poetry Soc'y,* 138 A.2d 501, 503 (Del.Ch.1958). Defendants rely on a Delaware court ruling that held that "price is an essential ingredient in every contract." *Raisler Sprinkler Co. v. Automatic Sprinkler Co.,* 171 A. 214, 219 (Del.Super.Ct. 1934). However, a more recent case makes clear

---

[6] Delaware statutes make clear that an email with the sender's name satisfies the signature requirement of the statute of frauds. *See* 6 Del. C. § 12A-107(a) ("A record or signature may not be denied legal effect or enforceability solely because it is in electronic form.").

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2373 AHM (RZx) | Date | September 30, 2009 |
|---|---|---|---|
| Title | *Asciano Carimati di Carimate v. Ginsglobal Index Funds.* | | |

that "the question of what is an essential term is often a question of fact involving a determination of each party's intent to be bound and thus must frequently be decided by a jury." *Pantzer v. Shields Devel. Co.,* 660 F.Supp.56, 60 (D. Del. 1986).

Clearly, how much Plaintiff would earn as a result of dealings with the Hindsight Product is an essential component of the contract. Defendants argue that the contract formed by the MOU and February emails is unenforceable because Plaintiff's fee is "legally indefinite" and "nothing more to agree at a later time." (Motion to Dismiss at 14.) As discussed, *supra*, the MOU clearly states that Plaintiff and Defendant "shall enter into an equal fee sharing arrangement." (FAC Ex.1.) The February emails reference Plaintiff's understanding that the proceeds from his future initiatives would be "divided as agreed." (FAC Ex. 3, pp. 30-31.) While, the February emails indicate an ongoing discussion between Plaintiff and Defendant Ginsberg regarding the proceeds from past initiatives, Defendant confirmed in a February 19, 2008 email that he "agree[d] with [Plaintiff's] comments re splitting all future initiatives." (FAC Ex. 4.)

For the foregoing reasons, I DENY Defendant's motion to dismiss the first cause of action.

> **B. Breach of the Implied Covenant of Good Faith and Fair Dealing (Second Cause of Action)**

In Delaware, all contracts are subject to an implied covenant of good faith and fair dealing ("implied covenant"). *Gilbert v. El Paso,* 490 A.2d 1050, 1054 (Del. Ch. 1985). The implied covenant is breached if "it is clear from what the parties expressly agreed that they would have proscribed the challenged conduct as a breach of the implied covenant of good faith had they thought to negotiate with

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2373 AHM (RZx) | Date | September 30, 2009 |
|---|---|---|---|
| Title | *Asciano Carimati di Carimate v. Ginsglobal Index Funds.* | | |

respect to the matter." *Dave Greytak Enterprises, Inc. v. Mazda Motors of America, Inc.,* 622 A.2d 14, 22 (Del.Ch.1992). Contrary to Defendants' contention, and as discussed, *supra*, the contract embodied by the MOU and February emails is enforceable and is therefore subject to the implied covenant.

Relying on *Dave Greytak,* Defendants do correctly contend that Plaintiff has not stated a claim for breach of the implied covenant because his claim is based on the same allegations and obligations covered by the contract. *Dave Greytak* 622 A.2d 14 at 23 ("It follows that where the subject at issue is expressly covered by the contract, or where the contract is intentionally silent as to that subject, the implied duty to perform in good faith does not come into play."). The complaint clearly shows that Plaintiff bases his claim that Defendants breached the implied covenant on the same allegations and obligations covered by the contract (Compare FAC ¶55 with FAC ¶60). Therefore, I GRANT Defendants' motion to dismiss this cause of action, but with leave to amend. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (citation omitted).[7]

## C. Breach of Fiduciary Duty (Third Cause of Action)

Delaware courts have held that contract law trumps fiduciary law in matters involving the contractual rights and obligations of preferred shareholders. *Blue Chip Capital Fund II Ltd. P'Ship v. Tubergen,* 906 A.2d 828, 833 (Del. Ch. 2006) ("Because the contract claim addresses the alleged wrongdoing...any fiduciary duty claim arising out of the same conduct is superfluous."); *Jedwab v. MGM Grand*

---

[7]Plaintiff contends that Defendants breached the implied covenant by allowing McCloy to undermine and ultimately replace him. (Opposition Brief at 16.) Plaintiff has not specifically pled this in his complaint and the exhibits to which Plaintiff refers do not appear to support this argument.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2373 AHM (RZx) | Date | September 30, 2009 |
|---|---|---|---|
| Title | *Asciano Carimati di Carimate v. Ginsglobal Index Funds.* | | |

*Hotels, Inc.,* 509 A.2d 584, 594 (Del. Ch. 1986) ("with respect to matters relating to preferences or limitations that distinguish preferred stock from common, the duty of the corporation and its directors is essentially contractual.").

Defendants correctly point out that Plaintiff pled that Defendants breached their fiduciary duty to Plaintiff by repeating the same acts he alleged amounted to breach of contract. (Compare FAC ¶64 with FAC ¶55.) However, the plain language of the MOU clearly states that Plaintiff and Defendants were parties to a "joint venture agreement." (FAC Ex. 1.) Defendants have cited no case law to support the notion that Delaware courts have extended the rule of primacy of contract law over fiduciary law in matters involving the contractual rights of preferred shareholders warrants dismissal of a breach of fiduciary duty claim against a joint venturer. Therefore, because Plaintiff's breach of fiduciary duty cause of action is based on common law fiduciary principles that apply to joint venture agreements and is not superfluous, I DENY Defendants' motion to dismiss this cause of action.

### D. Constructive Trust and Accounting (Fourth and Eighth Causes of Action)

Plaintiff seeks to impose a constructive trust on money he believes he is owed under the agreement embodied by the MOU and February emails (FAC ¶ ¶69-70) and seeks accounting for the revenues and profits derived from the licensing and renewal of Hindsight Products after January 9, 2008 as a result of that agreement. (FAC ¶ ¶96, 98.) Plaintiff has also conceded that his claims for constructive trust and accounting cannot survive independent of his claims for breach of contract, breach of fiduciary duty, fraud, negligent misrepresentation or unjust enrichment. (Opposition at 18.) Both parties agree that Delaware does not recognize an independent claim for a constructive trust. *Teachers' Retirement*

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2373 AHM (RZx) | Date | September 30, 2009 |
|---|---|---|---|
| Title | *Asciano Carimati di Carimate v. Ginsglobal Index Funds.* | | |

*System of Louisiana v. Aidinoff,* 900 A.2d 654, 671 (Del.Ch.2006) ("[T]his court cannot impose the remedy of a constructive trust against a party unless that party is properly subject to an order of relief under a recognized cause of action."). Both parties also agree that Delaware does not recognize an independent action for accounting. *Rhodes v. Silkroad Equity, LLC,* No. Civ.A. 2133-VCN at *11 2007 WL 2058736 (Del.Ch. Jul. 11, 2007) ("An accounting is not so much a cause of action as it is a form of relief."). Therefore, because Plaintiff has conceded that his constructive trust and accounting claims cannot survive independently and because Delaware does not recognize either as an independent cause of action, I GRANT Defendants' motion to dismiss these causes of action.

### E.  Fraud and Negligent Misrepresentation (Fifth and Sixth Causes of Action)

Federal Rule of Civil Procedure 9(b) requires that "[i]n averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." As both parties contend, "it is well-established in the Ninth Circuit that both claims for fraud and negligent misrepresentation must meet Rule 9(b)'s particularity requirements." *In re GlenFed, Inc. Secur. Lit.,* 42 F.3d 1541, 1547-48 (9th Cir. 1994). In order to satisfy these heightened pleading requirements, a complaint must "adequately specify the statements it claims were false or misleading, give particulars as to the respect in which plaintiff contends the statements were fraudulent, state when and where the statements were made, and identify those responsible for the statements." *Id.* at fn. 7.[8]

---

[8] In Delaware, a party asserting a claim for fraud must allege with particularity the time, place and contents of the false representation, the identity of the person or persons making the representations, and what they intended to obtain thereby. *H-M Wexford LLC v. Encorp., Inc.,* 832 A.2d 129, 144 (Del.Ch.2003).

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2373 AHM (RZx) | Date | September 30, 2009 |
|---|---|---|---|
| Title | *Asciano Carimati di Carimate v. Ginsglobal Index Funds.* | | |

The FAC alleges that "Defendants concealed their true plans which were to exploit [Plaintiff's] contacts for their own financial advantage and to terminate their agreement with [Plaintiff] after his efforts established the potential success of HIG and Global Hindsight Product sales." (FAC ¶74.)  It is clear from this and from the exhibits 1-5 and 9 attached to the FAC that Plaintiff has satisfied Rule 9(b)'s heightened pleading requirement.  Because Plaintiff pled Defendants' fraud and negligent misrepresentation with specificity, I DENY Defendants' motion to dismiss these causes of action.

### F.     Unjust Enrichment (Seventh Cause of Action)

Defendants argue that Plaintiff may not plead an unjust enrichment claim where he also pleads that there is a contract governing his relationship with Defendants.  (Motion to Dismiss at 22.)  Under Delaware law, dismissal of an unjust enrichment claim on the grounds that a contract which gives rise to claim that exists is appropriate only where the existence of that contract is "undisputed." *Kuroda v. SPJS Holdings, LLC,* 971 A.2d 872, 891 (Del.Ch.2009) (holding that a claim for unjust enrichment is unavailable when it is "clear from the face of the complaint that the plaintiff's relationship with defendants is governed by an express contract.").  While as discussed, *supra*, the MOU and February emails create an enforceable agreement between Plaintiff and Defendant, the Defendants thus far dispute the very existence of this agreement.[9]  Therefore, I DENY

---

[9] Plaintiffs also contend that this Court should deny Defendants' motion to dismiss because the FAC does not allege any agreement between Plaintiff and Defendant Ginsberg. (Opposition at 20.)  This argument fails.  In *Kuroda*, the Plaintiff argued that the unjust enrichment claim should not be dismissed as to the individual defendants because they were not parties to the relevant contracts.  *Kuroda,* 971 A.2d at 891. The Court disagreed and dismissed the unjust enrichment claim, holding that the Plaintiff could not use a claim for unjust enrichment to extend the obligations of a contract to Defendants who were not parties to the

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2373 AHM (RZx) | Date | September 30, 2009 |
|---|---|---|---|
| Title | *Asciano Carimati di Carimate v. Ginsglobal Index Funds.* | | |

Defendants' motion to dismiss the unjust enrichment claim.

    No hearing is necessary. Fed. R. Civ. P. 78; L. R. 7-15. This order is not intended for publication or for inclusion in the LEXIS and Westlaw databases.

                                                                                                    : 

                                            Initials of Preparer                SMO

---

contract ("[an unjust enrichment claim] cannot be used to circumvent basic contract principles [recognizing] that a person not a party to [a] contract cannot be liable to it." *Id.* at 892) (internal citations omitted).